IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CITY OF TACOMA, Department of Public Utilities, Light Division, | ) | |
| Plaintiff, | ) | Case No. 05-194C |
| v. | ) | (Judge Hodges) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1.1. The allegations that plaintiff is a First Class City and a Municipal Corporation of the State of Washington, operating a municipal public utility contained in paragraph 1.1 are conclusions of law to which no response is required. Defendant admits the allegations that the plaintiff provides electrical power service to customers in the City of Tacoma, and Pierce County, Washington, contained in paragraph 1.1. Denies the remainder of the allegations contained in paragraph 1.1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

1.2. Admits.

1.3. Admits the allegations contained in paragraph 1.3 to the extent supported by Air Force Contract No. F45603-73-C-009 (the Contract) cited, which is the best evidence of its content; otherwise denies the allegations in paragraph 1.3.

1.4. The allegations contained in paragraph 1.4 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

1.5. The allegations contained in paragraph 1.5 are conclusions of law to which no

response is required; to the extent they may be deemed allegations of fact, they are denied.

2.1. The allegations contained in paragraph 2.1 are conclusions of law and plaintiff's characterization of this action to which no response is required; to they extent they may be deemed allegations of fact, they are denied. Defendant avers that the Contract requires plaintiff to negotiate with the defendant all changes of rates.

2.2. The allegations contained in paragraph 2.2 are conclusions of law and plaintiff's characterization of this action to which no response is required; to they extent they may be deemed allegations of fact, they are denied. Defendant again avers that the Contract requires plaintiff to negotiate with the defendant all changes of rates.

2.3. Admits the allegations contained in paragraph 2.3 to the extent supported by the resolution cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 2.3.

2.4. Admits the allegations contained in paragraph 2.4 to the extent supported by the ordinance cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 2.4.

2.5 Admits the allegations contained in paragraph 2.5 to the extent supported by the contract cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 2.4.

2.6. The allegations contained in paragraph 2.6 are conclusions of law and plaintiff's characterization of this action and to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2.7. Admits the allegations contained in paragraph 2.7 to the extent supported by the

August 25, 2003 letter and the attached consultant report cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 2.7.

2.8. The allegations that state law requires the rates to be just, fair, reasonable, and sufficient contained in paragraph 2.8 are conclusions of law, to which no response is required; to the extent that they may deemed allegations of fact, they are denied. The remainder of the allegations contained in paragraph 2.8 are plaintiff's characterization of this action to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2.9. Admits. Defendant avers that, by letter dated August 25, 2003, the contracting officer provided the plaintiff with a "position paper" that explained the Air Force's negotiation position.

2.10. The allegations contained in paragraph 2.10 are plaintiff's characterization of this action and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2.11. The allegations contained in paragraph 2.11 are plaintiff's characterization of this action to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2.12. Denies. Defendant avers that the contracting officer attempted to negotiate with the plaintiff until March 8, 2004, when the plaintiff submitted its certified claim. The contracting officer issued a final decision and a contract modification P00024 dated April 1, 2004, in which the Air Force agreed to a certain change of rates for the Contract.

2.13. Denies the allegations contained in paragraph 2.13 that the defendant refused to negotiate in good faith and adopted a non-negotiable intransigent position. The remainder of the

allegations contained in paragraph 2.13 are plaintiff's characterization of this action and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2.14. Admits the allegations contained in paragraph 2.14 to the extent supported by the contract modification cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 2.14.

2.15. The allegations contained in paragraph 2.15 that the January 16, 2004 letter is a claim are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the remainder of the allegations contained in paragraph 2.15 to the extent supported by the letter cited, which is the best evidence of its content; otherwise denies the remainder of the allegations contained in paragraph 2.15.

2.16. Admits. Defendant avers that the contracting officer advised plaintiff on or about March 4, 2004, by electronic message, that its purported claim dated January 16, 2004, was not certified.

2.17. The allegations contained in paragraph 2.17 that the March 8, 2004 letter is a certified claim are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the remainder of the allegations contained in paragraph 2.17 to the extent supported by the letter cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 2.17.

2.18. Admits the allegations contained in paragraph 2.18 to the extent supported by the contracting officer's final decision cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 2.18.

2.19. The allegations contained in paragraph 2.19 constitute plaintiff's characterization of this action to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2.20. Admits the allegations contained in paragraph 2.20 to the extent supported by the contracting officer's final decision cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 2.20.

2.21. The allegations contained in paragraph 2.21 are plaintiff's characterization of this action and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2.22. The allegations contained in paragraph 2.22 are plaintiff's characterization of this action and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2.23. The allegations contained in paragraph 2.23 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2.24. The allegations contained in paragraph 2.24 are plaintiff's characterization of this action and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3.1. Admits the allegations contained in paragraph 3.1 to the extent supported by the contract cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 3.1.

3.2. The allegations contained in paragraph 3.2 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3.3. Denies

3.4. Denies.

3.5. The allegations contained in paragraph 3.5 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Defendant avers that a change of rates must be accomplished in accordance with the terms and provisions of the Contract, specifically, the terms and provisions of clause 3, entitled "CHANGE OF RATES."

3.6. The allegations contained in paragraph 3.6 are plaintiff's characterization of this action and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3.7. The allegations contained in paragraph 3.7 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3.8. The allegations contained in paragraph 3.8 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3.9. The allegations contained in paragraph 3.9 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3.10. The allegations contained in paragraph 3.10 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4.1. Denies that the plaintiff is entitled to the relief set forth in paragraph 4.1 and its sub-paragraphs 4.1a, 4.1b, and 4.1c.

4.2. Denies that the plaintiff is entitled to the relief set forth in paragraph 4.2.

4.3. Denies that the plaintiff is entitled to the relief set forth in paragraph 4.3.

4.4. Denies that the plaintiff is entitled to the relief set forth in paragraph 4.4.

4.5. Denies that the plaintiff is entitled to the relief set forth in paragraph 4.5.

4.5[sic]. Denies that the plaintiff is entitled to the relief set forth in paragraph 4.5[sic].

5.0. Denies that the plaintiff is entitled to the relief requested, or to any relief whatsoever.

5.1 Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the complaint be dismissed and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

/s/ David M. Cohen
DAVID M. COHEN
Director

/s/ Sheryl L. Floyd
SHERYL L. FLOYD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0282
Facsimile: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

BRYAN O'BOYLE
Department of the Air Force
1501 Wilson Boulevard
Arlington, VA 22209-2403

MAY 3, 2005

CERTIFICATE OF FILING

I hereby certify that on 3rd day of MAY, 2005, a copy of the "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Sheryl L. Floyd