IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CITY OF TACOMA, Department of Public Utilities, Light Division, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 05-194C (Judge Hodges) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Appendix A, Paragraph 4, the parties hereby submit this joint preliminary status report.

**a. Does the Court have jurisdiction over the action?**

It is plaintiff's position that the Court possesses jurisdiction to entertain its complaint. As of this time, defendant is not aware of any reason to challenge the Court's jurisdiction to entertain plaintiff's complaint.

**b. Should the case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case.

**c. Should trial of liability and damages be bifurcated?**

The parties agree that trial of liability and damages should not be bifurcated.

**d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

**e. In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefor and the proposed duration?**

The parties do not believe that a remand or suspension will be sought. However, in its

request for relief, plaintiff has asked the Court, in the alternative, to order the matter to be remanded to the contracting officer with instructions to negotiate further in good faith.

**f. Will additional parties be joined?**

The parties agree that no additional parties will be joined.

**g. Does either party intend to file a dispositive motion pursuant to RCFC 12(b), 12(c), or 56?**

After the parties have conducted discovery, they will be in a better position to determine whether the filing of dispositive motions for summary judgment pursuant to Rule 56 is appropriate in this case.

**h. What are the relevant factual and legal issues?**

The parties were unable to reach agreement with respect to their statement of the relevant issues. Accordingly, the parties each present their statement of this issues as follows:

**Plaintiff's statement of the relevant factual and legal issues**:

(1) Is this Court the ultimate rate authority with respect to rate disputes involving the City and the Air Force pursuant to Contract No. F45603-73-C-009?

(2) Are the "negotiations" called for in the "change of rates" provision of the contract constrained in any way by the accepted principles of utility rate making?

(3) Can the Air Force reject a change of rate under the contract by declaring that the proposed rate includes costs to the utility that the Air Force believes should not have been incurred by the utility?

(4) Is the declaration by the Air Force that the decision to contract with individual customers returning to the utility's system after having previously ventured into the market place, at a rate based on that for new load and existing industrial customers (the utilities melded

resource rate) rather than at an incremental cost rate, an arbitrary and capricious abuse of the rate negotiation provision of the contract?

(5) To what extent does the contract allow the Air Force to exempt itself from the cost impacts on rates of any particular policy decisions of the utility?

**<u>Defendant's statement of the relevant factual and legal issues</u>:**

(1) Did the government breach its implied duty of good faith and fair dealing by failing to negotiate the rate change in good faith?

(2) Did the City of Tacoma breach its implied duty of good faith and fair dealing by failing to provide the Government with an opportunity to negotiate the City's rate change?

(3) Were the City of Tacoma's proposed electric power rates increases "reasonable, justified, and not unjustly discriminatory" in accordance with ASPR S5-110.?

**i. <u>What is the likelihood of settlement? Is alternative dispute resolution contemplated</u>?**

After a period of discovery, the parties will explore the possibility of settling this case. If settlement discussions are not productive, the parties may consider the use of alternate dispute resolution proceedings.

**j. <u>Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefor</u>?**

If settlement discussions are not successful or the parties' RCFC 56 summary judgment motions do not resolve this matter, the parties expect to proceed to trial. The parties agree that expedited trial scheduling is not appropriate.

**k. Are there special issues regarding electronic case management needs?**

The parties are not aware of any special issues regarding electronic case management needs.

**l. Is there other information of which the Court should be award at this time?**

The Contract has been the subject of previous litigation. See City of Tacoma v. United States, 28 Fed. Cl. 637 (1993), aff'd, 31 F.3d 1130 (Fed. Cir. 1994); City of Tacoma v. United States, 38 Fed. Cl. 582 (1997).

**m. Joint Proposed Scheduling Plan.**

The parties propose that they voluntarily exchange documents until October 31, 2005, at which time they propose to engage in written discovery and the discovery of fact witnesses through March 31, 2006. The parties also propose that their experts prepare their written reports and submit them to the other party on or before May 31, 2006. They propose that all depositions of expert witnesses be completed by July 31, 2006. The parties further propose that, on July 31,2006, they submit to the Court a joint status report which sets forth the parties' suggested further proceedings in the case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

/s/ David M. Cohen
DAVID M. COHEN
Director

/s/ George S. Karavitis
GEORGE S. KARAVITIS
Senior Assistant City Attorney
Department of Public Utilities
P.O. Box 11007
Tacoma, WA 98411
Tele: (253) 502-8348
Facsimile: (253) 502-8672

Attorney for Plaintiff

DATE: 6/22/05

/s/ Sheryl L. Floyd
SHERYL L. FLOYD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0282
Facsimile: (202) 514-8624

OF COUNSEL:

BRYAN O'BOYLE
Department of the Air Force
1501 Wilson Boulevard
Arlington, VA 22209-2403

Attorneys for Defendant

DATE: 6/23/05

CERTIFICATE OF FILING

I hereby certify that on 23rd day of JUNE, 2005, a copy of the "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Sheryl Floyd